IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No.: 5:25-cv-00605-SLP |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Experian Information Solutions, Inc., ("Experian"), by its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files its Memorandum of Law in Support of its Motion to Dismiss the Complaint (the "Motion"). In support, Experian states as follows:

**I.    INTRODUCTION**

In his Complaint, Plaintiff opines at length about consumer credit and the system of credit reporting in general. But Plaintiff's musings do not translate into a well-pleaded Complaint sufficient to sustain a lawsuit in federal court.  Plaintiff has alleged that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. by including incomplete information in certain fields of his credit report. Compl. ¶ 1. However, under the FCRA, only accurate information that impacts creditworthiness is actionable.  The Complaint is completely devoid of any factual allegations that Experian reported inaccurate information, and Experian is left to speculate as to the specific

wrongdoing alleged against it. Consequently, Plaintiff's Complaint should be dismissed for failing to state a claim under FCRA.

## II. ARGUMENT

The Court must grant a motion to dismiss where the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(B)(6). To survive a motion to dismiss, the Complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663. Mere conclusory statements in a complaint—such as "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'"—are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Furthermore, the legitimate, non-conclusory "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678-79. Therefore, in order to avoid dismissal, the Complaint must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *See Twombly*, 550 U.S. at 557. Since the Complaint contains no such factual allegations, the Motion should be granted.

While Courts may apply a more liberal pleading standard to pro se complaints, a pro se plaintiff still must provide the defendants with adequate notice of the claims against them. *See Richee v. Velasco*, No. 02 C 7761, 2002 WL 31455982, at *1 (N.D. Ill. Nov. 1, 2002) (While "pleadings of pro se litigants are to be viewed through a generous lens," pro se litigants "must still comply with the general standards applicable to all litigants."). In other words, a plaintiff must plead a "plausible claim for relief"—one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

### A.     Plaintiff Fails to Plead Facts Sufficient to State a Cause of Action under the FCRA.

To establish a claim under the FCRA, Plaintiff must, at a minimum, demonstrate a factual inaccuracy in Experian's reporting. See *Schueller v. Wells Fargo & Co.*, 559 F. App'x 733, 737 (10th Cir.), cert. denied, 135 S. Ct. 275, 190 L. Ed. 2d 203 (2014) (citing *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010) (noting that, as a threshold matter, no claim can be maintained under the FCRA unless the plaintiff demonstrates inaccuracy). Here, Plaintiff's Complaint fails to allege a single inaccuracy contained in the Experian Credit Report. Plaintiff's failure to identify inaccurately reported information is fatal to any claim under the FCRA. *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015).

Plaintiff alleges that Experian violated (1) § 1681e(b) (requiring reasonable procedures to assure accuracy), (2) § 1681i(a) (requiring reinvestigation of disputed information), and (3) § 1681g(a)(1) (disclosures to consumers). The Complaint is entirely

devoid of any factual allegations that, if true, demonstrate that Experian violated any of these provisions.

### 1. 15 U.S.C. § 1681e(b) and § 1681i(a)

To state a claim for a violation of FCRA section § 1681e(b), Plaintiff must allege: (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he suffered an injury; and (4) that his injury was caused by the inclusion of the inaccurate entry." *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015). Similarly, to state a claim for a violation of FCRA section 1681i(a), Plaintiff must "prove essentially the same elements as those for a § 1681e(b) claim—unreasonable procedures in reinvestigating a report, inaccuracy of the report, injury, and causation—in addition to proving they informed the CRA about the inaccuracy." *Id.* at 1242.

With respect to both potential claims, § 1681e(b) and § 1681i(a), Plaintiff does not identify any allegedly inaccurate information reported by Experian. Rather, Plaintiff simply states that the report is "incomplete" as it does not contain information in certain benign areas of the report that do not directly relate to creditworthiness.[1]  Plaintiff's Complaint proceeds to simply repeat this allegation for over 100 pages, without offering any additional facts at all, let alone factual allegations plausibly suggesting a right to relief. *See Twombly*, 550 U.S. at 557. The allegations are so general and non-specific that Experian is unable to assess the veracity of Plaintiff's claims.

---

[1] See *Hammer v. Equifax Info. Servs.,* No. 19-10199, 2020 U.S. App. LEXIS 28800, at *5 (5th Cir. Sept. 9, 2020), holding that Credit Reporting Agency had not violated the FCRA for failing to include certain accounts - finding that a credit report is not "inaccurate" in violation of the statute if it is incomplete in some areas.

Notably, Plaintiff does not allege any tradelines, accounts, payment information, or other actionable information is inaccurate or does not belong to him. As such, Plaintiff has failed to demonstrate a factual inaccuracy in Experian's reporting and thus does not meet even the barest threshold for bringing a claim under FCRA. *Schueller*, 559 F. App'x 733, 737. Therefore, his claim is fatally deficient and must be dismissed.

### 2. 15 U.S.C. § 1681g(a)(1)

It appears based on the Complaint that Plaintiff is attempting to assert a cause of action against Experian related to disclosures to consumers. However, the Complaint contains no specific allegations surrounding this cause of action. While there is a heading in the Complaint referencing this cause of action, no supporting facts or even supporting allegations for that matter, are set forth. Compl. ¶ 70, 170-173. To survive a motion to dismiss, the plaintiff's complaint must meet the federal pleading standards, including alleging facts that, if proven true, would establish a plausible claim for relief under § 1681g. This includes specifying the inaccurate information, facts surrounding disclosure requests, and how the CRA's disclosure was deficient. Here, the Complaint simply alleges Experian violated this provision, and as such, is liable for damages. Experian is left to speculate as to how it allegedly violated this statute. This conclusory assertion is insufficient to survive Federal Rule 12(b)(6) and Plaintiff's Complaint should be dismissed accordingly.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that the Court grant Defendant Experian Information Systems Inc.'s Motion to Dismiss Plaintiff's Complaint.

- 6 -

Dated: July 25, 2025

                              Respectfully submitted,

                              */s/ Jimmy Goodman*
                              JIMMY GOODMAN, OBA #3451
                              CROWE & DUNLEVY
                              A Professional Corporation
                              Braniff Building
                              324 North Robinson Ave., Ste. 100
                              Oklahoma City, Oklahoma 73102
                              (405) 235-7700
                              jimmy.goodman@crowedunlevy.com

                              ***ATTORNEY FOR EXPERIAN INFORMATION SOLUTIONS, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy was also served upon the following by email and U.S. mail:

Vance Dotson
425 W. Wilshire Blvd., Suite E
Oklahoma City, Oklahoma  73116
vancedotson@yahoo.com
*Pro Se Plaintiff*

*/s/ Jimmy Goodman*