THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

VANCE DOTSON )
    Plaintiff, ) JURY TRIAL DEMANDED
)
v. ) Case No.
) 25-CV-00605-SLP
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
    Defendants. )
)

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

---

Plaintiff Vance Dotson, proceeding pro se, respectfully opposes Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion should be denied.

## I. INTRODUCTION

In the Amended Complaint, Plaintiff has plausibly alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Experian's failure to ensure the accuracy and

completeness of trended data in Plaintiff's credit report, failure to disclose all information in Plaintiff's file upon request, and failure to conduct a reasonable reinvestigation of disputed inaccurate and incomplete trended data. Trended data historical payment and balance information over a 24-month period, including balance amounts, scheduled and actual payment amounts, and payment histories is critical for assessing creditworthiness, as Experian itself acknowledges in its marketing materials. The incompleteness and inaccuracies in this data, as detailed in the Amended Complaint, are not "benign" or immaterial; they distort Plaintiff's credit profile and mislead lenders, adversely affecting credit decisions.

Accepting the well-pleaded facts as true and construing them in the light most favorable to Plaintiff as required on a Rule 12(b)(6) motion the Amended Complaint states claims for relief under §§ 1681e(b), 1681i(a), and 1681g(a)(1). Experian's Motion relies on a narrow reading of the FCRA that ignores the misleading nature of incomplete trended data and the statutory mandate for maximum possible accuracy.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads factual content allowing the court to draw a reasonable inference of liability. Id. Courts must draw all reasonable inferences in the plaintiff's favor. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

Pro se pleadings are liberally construed, though they must still meet basic pleading standards. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Dismissal is inappropriate where the complaint provides fair notice of the claims and alleges facts supporting a plausible entitlement to relief. Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008).

### III. ARGUMENT
### A. Plaintiff Has Adequately Alleged Claims Under §§ 1681e(b) and 1681i(a) by Pleading That Incomplete Trended Data Is Inaccurate and Misleading

To state a claim under § 1681e(b), a plaintiff must allege: (1) inaccurate information in the credit report; (2) the inaccuracy resulted from the CRA's failure to follow reasonable procedures; (3) injury; and (4) causation. Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1239 (10th Cir. 2015). Similarly, § 1681i(a) requires a reasonable reinvestigation of disputed information, incorporating the same elements plus notice of the dispute. Id. at 1242.

Contrary to Experian's assertion, Plaintiff has alleged factual inaccuracies: the trended data is incomplete and inaccurate because it omits or misreports actual payment amounts, balance trends, and payment histories, rendering the report misleading in a way that adversely affects credit decisions. (Am. Compl. ¶¶ 35-36, 40, 43, 53-98.) For example, Experian failed to report actual payments exceeding minimums on accounts like American Express and Citi Cards, distorting Plaintiff's positive payment trends. (Id. ¶¶ 36, 53, 73.) This is not mere "incompleteness in benign areas"; trended data is essential for lenders to evaluate credit behavior over time, as Experian promotes on its website, stating it provides "greater insights into customers to better determine their creditworthiness" and improves scoring models.

Under the FCRA, information is inaccurate if it is "factually incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Schueller v. Wells Fargo & Co., 559 F. App'x 733, 737 (10th Cir. 2014) (unpublished). Incompleteness qualifies as inaccuracy when it creates a misleading impression. **See, e.g., Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009) (information must be "complete and up to date" to avoid misleading)**; see also FTC Report to Congress (2012) (noting errors affecting 5% of consumers seriously enough to deny or increase credit costs). Here, the omissions obscure positive trends like consistent on-time payments and reduced utilization, misleading lenders and harming Plaintiff's creditworthiness. (Am. Compl. ¶ 40.)

Experian's reliance on Hammer v. Equifax Info. Servs., LLC, 974 F.3d 564 (5th Cir. 2020), is misplaced. In Hammer, he disputed the entire credit report not a single entry *"According to his complaint, he only "disputed the missing account[,] . . . stating that the Capital One account should appear on his credit report." That is, he disputed the completeness of his credit report, not of an item in that report. As a result, he did not trigger the CRA's § 1681i(a) obligation to investigate."* Hammer v.

Equifax Info. Servs., LLC, 974 F.3d 564 (5th Cir. 2020), But here, the issue is incomplete reporting within multiple single entry's existing reporting accounts' trended data fields—data Experian already collects and uses—which distorts the reported history. Moreover, Hammer acknowledges that incompleteness can be inaccurate if it renders the report "misleading in a way that would adversely affect credit decisions." Id. Plaintiff has alleged exactly that. (Am. Compl. ¶¶ 35-36, 40.)

For § 1681i(a), Plaintiff disputed the trended data on February 8, 2025, providing details and evidence, but Experian failed to reasonably reinvestigate, correct, or delete the inaccuracies. (Am. Compl. ¶¶ 38, 70, 105.) This included not contacting furnishers or reviewing all relevant information. Id. § 1681i(a)(1)(A) requires a "reasonable reinvestigation" to determine accuracy. Experian's cursory process—often handled overseas in under 15 minutes—falls short. (Am. Compl. ¶ 10.)

Plaintiff also alleges injury: loss of credit, damaged reputation, emotional distress requiring counseling ($65/week since May 20, 2025), and economic harm. (Am. Compl. ¶¶ 9, 50.) Causation is plausible, as incomplete trended data directly impacts scoring and decisions. These facts raise the claims above speculation.

Example: A reasonable investigation would have led to Experian using their records to update the payment and balance history and other data, and if they did not possess that data Experian should've deleted the account since they cannot report it accurately and completely. But Experian chose to do neither and continued reporting missing and incomplete and inaccurate information.

They should have updated these accounts with the data they have in their possession. If they don't have that data then they should not report incomplete information that they do not have data to verify.

Information is "inaccurate" within the meaning of the FCRA if it is incorrect or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014). "[A] consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression." *Schweitzer*, 441 F. App'x at 902 (quoting *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008)). (Am. Compl. ¶ 40.)

Definition of Misleading

https://www.merriam-webster.com/dictionary/misleading

: to lead in a wrong direction or into a mistaken action or belief often by deliberate deceit
His comments were a deliberate attempt to *mislead* the public.
*intransitive verb*
: to lead astray : **give a wrong impression**
exciting as they are, they *mislead*—E. M. Forster

("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the... [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *See Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 141 (E.D.N.Y. 2017) (citing *Sepulvado v. CSC Credit Serv., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)). *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), aff'd, 994 F.3d 88 (2d Cir. 2021) *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409,

415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer ... if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. §1681i(a)(3)(A). *West v. Equifax Info. Servs., LLC*, No. 25-CV-3738, 2025 WL 2111074, at *3 (E.D. Pa. July 28, 2025) Here Plaintiff has plead that trended data that Experian markets is used when it prepares reports when used by creditors but was inaccurate, incomplete and misleading to Plaintiff and creditors. Plaintiff has provided the court with the credit report/file before and after Ex. F. Several creditors have obtained the credit report/file for "soft inquiries" for making promotional offers but Plaintiff hasn't received any offers in the mail because Experian is not reporting the trended data. Plaintiff has

told Experian and is still seeking counseling to this day. Experian did not send any communication to Plaintiff saying the dispute was frivolous or irrelevant in fact Experian sent Plaintiff sham re-investigation results.

Generally, the question of whether information that is "technically correct" is still materially misleading is a question for a jury. *Gibbs v. Trans Union LLC*, No. 21-cv-667, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021); *Smith v. Trans Union LLC*, No. 20-cv-4903, 2021 WL 1061213, at *2 (E.D. Pa. Mar. 19, 2021).

## B. Plaintiff Has Adequately Alleged a Claim Under § 1681g(a)(1) for Failure to Disclose All Information in the File

§ 1681g(a)(1) requires CRAs to disclose "all information in the consumer's file" shall—upon request. The "file" includes information "that might be furnished, or has been furnished, in a consumer report." Gillespie v. Trans Union Corp., 482 F.3d 907, 909 (7th Cir. 2007); see also Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 1101 (9th Cir. 2022) (limiting to reportable info but rejecting overly broad demands).

Plaintiff requested his full file on February 6, 2025, but Experian omitted complete trended data, including actual payments and historical balances—data used in reports and scoring models. (Am. Compl. ¶¶ 33-

34, 37, 41.) This is not speculative; Experian markets trended data as integral to credit reports for lenders. The omission prevented Plaintiff from identifying inaccuracies, violating the FCRA's purpose of enabling corrections before dissemination. TransUnion LLC v. Ramirez, 594 U.S. 413, 441 (2021). Experian's partial disclosure does not suffice. (Am. Compl. ¶ 101.)

Tailford, cited by Experian, supports Plaintiff: it requires disclosure of data like soft inquiries if potentially reportable, but rejects non-credit data. 26 F.4th at 1101-02. Trended data is core credit information, potentially furnished in reports. Plaintiff has alleged facts showing deficiency, not mere conclusions.

The disclosure requirements of § 1681g require a consumer reporting agency (CRA) to provide "[a]ll information in the consumer's <u>file</u> at the time of the request." 15 U.S.C. § 1681g(a)(1) (emphasis added). To state a claim for noncompliance under this section, a complaint must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all information in the consumer's file. *See Frazier v. Experian Info Sols., Inc.*, 2018 WL 3785131, at *5-6

(D. Md. 2018); *Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *7 (S.D. Fla. 2018).

*Scott v. Equifax, Inc.*, No. 2:20-CV-2516-HLT-JPO, 2021 WL 4099007, at *2 (D. Kan. July 23, 2021). Here is all of the information that is missing that encompasses a file with requested by creditors that Experian has in its possessing but failed to give Plaintiff; Full Account Number, Balance, Recent Payment, Monthly Payments, Terms, The Source etc., It was so much information its hindered my ability to dispute the accuracy and incompleteness Plaintiff was very confused. If all of the information was giving I could've disputed the accuracy better.

## IV. CONCLUSION

The Amended Complaint provides fair notice and pleads plausible claims under the FCRA. Experian's Motion should be denied.

Dated: August 12, 2025
Respectfully submitted,

Vance Dotson
425 W. Wilshire Blvd., Suite E
Oklahoma City, Oklahoma 73116

(405) 406-7323

vancedotson@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record:

Jimmy Goodman

Crowe & Dunlevy

Braniff Building

324 North Robinson Ave., Ste. 100

Oklahoma City, Oklahoma 73102

jimmy.goodman@crowedunlevy.com

/s/ Vance Dotson