## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VANCE DOTSON,** | |
| **Plaintiff,** | |
| v. | **Civil Action No: CIV-25-CU-00605-SLP** |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | |
| **Defendant.** | |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION TO DISMISS</u>

Defendant Experian Information Solutions, Inc., ("Experian"), by its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1(h), hereby files its Reply Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint (the "Motion"). In support, Experian states as follows:

**I.     The Amended Complaint Fails to Allege Inaccuracy Under the FCRA.**

The law under this Circuit is clear that at a minimum, to establish a claim under the FCRA, Plaintiff must demonstrate a factual inaccuracy in Experian's reporting. See *Schueller v. Wells Fargo & Co.*, 559 F. App'x 733, 737 (10th Cir.), cert. denied, 135 S. Ct. 275, 190 L. Ed. 2d 203 (2014). The Amended Complaint has wholly failed to satisfy this threshold requirement.

Because the Plaintiff has completely failed to allege a ***facial*** inaccuracy contained in the Experian Credit Report, he is forced to make an argument that the report is

*misleading*.  Plaintiff's Opposition to Experian's Motion to Dismiss repeatedly claims that the information allegedly missing from his credit report constitutes an inaccuracy under the FCRA because it creates a "misleading impression" that "adversely affects credit decisions."  Opposition at Pg. 5.  However, outside of Plaintiff's conclusory assertions, the Amended Complaint, fails to establish how any of the information at issue actually renders the report misleading in such a way that it negatively affected Plaintiff's creditworthiness.  Plaintiff alleges that certain missing fields such as account numbers, terms, and balances give a negative impression of his creditworthiness.  This is not an inaccuracy under the FCRA.

Numerous Federal Courts throughout the country have applied the reasonable creditor or lender standard to similar cases and have concluded that such missing information is not materially misleading.  *See Bibbs v. Trans Union LLC, 43 F.4th 331 (3rd Cir. 2022) citing Jones v. Equifax Info. Servs., LLC* , No. 2:18-cv-2814, 2019 WL 5872516, at *4 (W.D. Tenn. Aug. 8, 2019) (ruling that a credit report showing a monthly payment obligation when the account was closed and had a zero-dollar balance was not materially **misleading** because "a reasonable prospective lender would understand [that] the report showed a past obligation only"); *Thomas v. Equifax Info. Servs., LLC* , No. 3:19-cv-286, 2020 WL 1987949, at *6 (S.D. Ohio Apr. 27, 2020) (ruling "no reasonable person would be misled into believing that [the plaintiff] has any ongoing monthly obligation on this installment loan" when the account was reported closed with a zero-dollar balance).  Federal Courts have required more than just Plaintiff's speculation that that state of a report

has negatively affected their credit. *See Naimi-Yazdi v. JPMorgan Chase Bank, N.A.,* No. 5:21-CV-04390-EJD, 2022 WL 2307068, at *3 (N.D. Cal. June 27, 2022) (dismissing negligent FCRA claim because, inter alia, "alleged chilling effect on future credit applications and loss of beneficial use of credit are too speculative"). Here, Plaintiff has not and cannot establish that his credit report would be misleading to a reasonable creditor in such a way as to negatively affect his creditworthiness.

Plaintiff fails to allege a single concrete inaccuracy. At no point in his Amended Complaint, or his Opposition for that matter, does the Plaintiff allege that the credit report is inaccurate because he timely made payments on certain accounts being reported as delinquent. At no point does he allege that the report is inaccurate because certain included accounts are fraudulent. At no point does he allege an inaccuracy because certain accounts belong to another individual. At no point does he allege an inaccuracy because certain reported accounts have been closed. Experian reported the information provided to it by each furnisher referenced in the Amended Complaint. This Circuit has recognized that CRAs only "must look beyond information furnished to them when it is inconsistent with the CRAs' own records, contains a facial inaccuracy, or comes from an unreliable source." *Wright v. Experian Info. Sols., Inc.,* 805 F.3d 1232, 1239 (10th Cir. 2015). None of the aforementioned scenarios exist in this matter, nor have they been alleged in the Amended Complaint. The inaccuracies contemplated and protected by the FCRA simply are not

present in Plaintiff's Amended Complaint.  Accordingly, Plaintiff's claim is fatally deficient and must be dismissed.

## II.    The Amended Complaint Fails to Allege a Valid Claim Under 15 U.S.C. § 1681g.

As set forth in Plaintiff's Opposition, in order to state a claim for noncompliance with 15 U.S.C. § 1681g, a complaint must specify what information is missing from the disclosure or contain specific facts that the plaintiff relied upon to allege that the defendant did not provide all information in the consumer's file.  See *Frazier v. Experian Information Sols.*, 2018 WL 3785131, at *5-6 (D. Md. 2018).  The Amended Complaint fails to satisfy this burden.  Although the Amended Complaint continually refers to "trended data" as being missing from Plaintiff's credit disclosure, there has been absolutely no showing, nor will there be, that such specific information in required to be produced by CRAs in response to a disclosure request.  Furthermore, the Amended Complaint has not alleged that Experian is in possession of this information but has failed to produce it.  As set forth above, Experian is in possession of the information provided to it by the specific furnishers referenced in the Amended Complaint.  The Plaintiff has set forth no facts upon which he relies to allege that Experian did not produce all of the information utilized in the preparation of his credit report.  In fact, a "consumer's file" only encompasses information "that might be furnished, or has been furnished, in a consumer report" that would be sent to a third party.  *Tailford v. Experian Information Solutions, Inc*., 2022 WL 599318 (9th Cir. Mar. 1, 2022); *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908- 10 (7th Cir. 2007).  Here, Plaintiff has admitted receipt of such a disclosure in his Amended Complaint. (Doc

No. 10 - Amended Complaint Pg. 9).  Plaintiff's conclusory assertions are insufficient to survive Federal Rule 12(b)(6), and Plaintiff's Complaint should be dismissed accordingly.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that the Court grant Defendant Experian Information Systems Inc.'s Motion to Dismiss Plaintiff's Complaint.

Dated:  August 19, 2025                          Respectfully submitted,


*/s/ Jimmy Goodman*
JIMMY GOODMAN, OBA #3451
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 North Robinson Ave., Ste. 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
jimmy.goodman@crowedunlevy.com

***ATTORNEY FOR EXPERIAN
INFORMATION SOLUTIONS, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy was also served upon the following by email and U.S. mail:

Vance Dotson
425 W. Wilshire Blvd., Suite E
Oklahoma City, Oklahoma 73116
vancedotson@yahoo.com
*Pro Se Plaintiff*

/s/ *Jimmy Goodman*