## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-605-SLP |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff Vance Dotson, appearing pro se, filed a First Amended Complaint [Doc. No. 10] alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et. seq*. Defendant Experian Information Solutions Inc. ("Experian") filed a Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 11]; to which Plaintiff responded [Doc. No. 14]; and Experian replied [Doc. No. 16]. In the interests of judicial efficiency, rather than address the pending Motion, the Court sua sponte DISMISSES Plaintiff's First Amended Complaint for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1]

---

[1] Certainly, Experian's Motion raises Rule 8 concerns, including the voluminous and repetitive nature of the allegations. *See* [Doc. No. 11] at 4. But the Court sua sponte raises the issue pursuant to Fed. R. Civ. P. 41(b). *See Sladek v. Bank of Am., NA*, No. 24-1181, 2024 WL 4224029 at *4 (10th Cir. Sept. 18, 2024); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 and n. 2 (10th Cir. 2007) ("And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

## I.      Background

Plaintiff asserts three claims for relief against Experian, with each claim alleging

violations of FCRA.  Generally, Plaintiff alleges that Experian reported incomplete and/or

inaccurate information on his credit report and failed to remedy errors that Plaintiff

reported.  *See e.g.*, Am. Compl. [Doc. No. 1] ¶¶ 101, 105, 110.  Plaintiff appears to allege

that these issues existed on reports for various accounts reporting from 2021-2025, but

Plaintiff's collective allegations and presentation make it virtually impossible to identify

the factual basis for his legal claims to determine which facts relate to which claims.

Further, many of the allegations appear to have been copied from another document,

resulting in abnormal formatting that is not in sentence structure and results in

unintelligible allegations spanning across pages for a single "allegation."  *See e.g.*, *id.* ¶ 87.

## II.     Governing Standard

Under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's First Amended

Complaint "must contain . . . a short and plain statement of the claim showing that [he] is

entitled to relief," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and

direct," Fed. R. Civ. P. 8(d)(1).  In other words, in accordance with Rule 8, Plaintiff must

"explain what [the] defendant did to him . . .; when the defendant did it; how the

defendant's action harmed him . . .; and, what specific legal right [he] believes the

defendant violated." *Nasious*, 492 F.3d at 1163.

Rule 8 serves two purposes.  It gives opposing parties fair notice of the basis of the

claim(s) against them so that they may respond to the complaint.  And, it apprises the court

of sufficient allegations to allow it to conclude, if the allegations are proved, that the

claimant has a legal right to relief.  *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir.

2007).  As the Tenth Circuit has explained:

> Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.

*Id*.

As a pro se litigant, Plaintiff is entitled to a liberal construction of his First Amended

Complaint.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But even so, the

Court must "disregard all conclusory statements of law and consider whether the remaining

specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."

*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  Furthermore,

a pro se litigant must "follow the same rules of procedure that govern other litigants."

*Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  And the Court will not assume the

role of advocate on behalf of a pro se litigant.  *See Kincaid v. Unified Sch. Dist. No. 500*,

94 F.4th 936, 947 (10th Cir. 2024).

## III.   Discussion

### A.   The First Amended Complaint Fails to Comply with Rule 8(a)

Plaintiff's First Amended Complaint (with attachments) is 353 pages long.  As in

*Mann*, the "sheer length" of the pleading makes his claims "unintelligible."  *Id*., 477 F.3d

at 1148 (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff]

has made her complaint unintelligible 'by scattering and concealing in a morass of

irrelevancies the few allegations that matter' " (citation omitted)); *see also Schupper v.*

*Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006) (affirming dismissal of 38-page complaint plus 120 pages of exhibits as "overly long" and "prolix"); *Luciano v. Perez*, No. 06-cv-01284-PSF-PAC, 2007 WL 1306476, at *2 (D. Colo. May 3, 2007) (a complaint did not comply with Rule 8 where it contained hyperbole, redundancies, and "astoundingly long" sentences that neither the court nor the opposing party could understand).   The Complaint's Paragraphs 53-98 (spanning pages 106 pages) are repetitive recitations that appear to show specific inaccuracies per account each month, although the presentation makes it nearly impossible to be certain.   Further, many of the allegations are presented in narrative fashion, with lengthy, but ultimately conclusory, allegations.   The pleading includes a heading "CAUSES OF ACTION" but follows with 110 pages.   *See* First Am. Compl. at 13-123.   Under these circumstances "not even the most attentive of readers could figure out who did what to whom."   *Mann*, 477 F.3d at 1148.   Accordingly, the Court finds that dismissal of the First Amended Complaint is proper.

### B.     Leave to Amend

The Court will grant Plaintiff an opportunity to file a motion requesting leave to file a second amended complaint.[2]  If Plaintiff so moves, he must comply with the requirements of LCvR 15.1.   Plaintiff is forewarned that failure to comply with the Court's local rules and/or the Federal Rules of Civil Procedure may result in the denial of any such motion. The Court further notes that it appears that many of Plaintiff's claims, as currently raised,

---

[2] Leave of court is required.  *See* Fed. R. Civ. P. 15(a)(2).

may suffer certain deficiencies as addressed in Experian's Motion.  Plaintiff should be mindful of these issues should he seek leave to further amend his pleading.

## IV.    Conclusion

For the reasons set forth, the Court ORDERS as follows:

1.    The Court sua sponte DISMISSES Plaintiff's First Amended Complaint [Doc. No. 10].

2.    The Court DENIES as MOOT Experian's pending Motion to Dismiss [Doc. No. 11].

3.    The Court DENIES as MOOT Plaintiff's Motion for Leave to File a Surreply [Doc. No. 17].  The Court further STRIKES Plaintiff's Reply [Doc. No. 18] and Declaration [Doc. No. 19], as Plaintiff did not obtain leave to file them.

4.    The Court GRANTS Plaintiff 14 days from the date of this Order, or until October 10, 2025, to file a motion for leave to file a second amended complaint.  If Plaintiff does not move for leave to file a second amended complaint, the Court will enter a judgment of dismissal.

IT IS SO ORDERED this 26th day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE